# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BRENDA G. PATTEN**                                                               **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:09-CV-257-SA-JAD**

**WAL-MART STORES, INC.**                                           **DEFENDANT**

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [24]. For the reasons stated below, the motion is granted, and this case is closed.

## I. BACKGROUND

On or about December 17, 2008, Plaintiff and her daughter, Bridgett Newcomb, went to Wal-Mart to purchase items for Christmas dinner. After they entered the store, Newcomb took a shopping cart and entered the grocery section of the store, while Plaintiff entered the restrooms near the entrance. Approximately five minutes later, Plaintiff exited the restrooms and began to walk toward the grocery section of the store. She then tripped over two floor mats and fell, allegedly injuring herself.

According to the undisputed evidence in the record, the entrance area of the store had both carpet and tile flooring. When Plaintiff left the bathroom, she walked across carpeting onto the first floor mat, which overlapped the carpeting and the tile flooring. The second floor mat overlapped the first one by about four inches. Plaintiff testified that the floor mats were "pretty flat," but that they had a rubber edge on them.

Newcomb testified that when she pushed a shopping cart over the overlapped floor mats, she noticed a slight bump. She further described the "bump" by testifying that she believed it would have felt same if she had pushed the cart over one of the floor mats lying flat on the tile floor.

Debra Priest, Plaintiff's sister, arrived at the scene after Plaintiff's accident. Priest had walked over the same floor mats earlier that day, but she testified that she had no reason to remember whether the floor mats overlapped one another when she walked over them.

Randy McCoy, a shift manager at the Wal-Mart store in question, arrived at the scene of the accident seconds after Plaintiff fell. He testified that there was an orange caution cone within two (2) feet of the overlapping floor mats. McCoy testified that he measured the mats over which Plaintiff tripped, and the edge of each mat is rounded and less than one quarter (1/4) of an inch thick.

The record contains no evidence as to how long the mats had been arranged in that manner or who was responsible for placing them there.

Plaintiff filed a Complaint in the Circuit Court of Lee County, Mississippi, on September 14, 2009, asserting a negligence claim. Defendant removed the case on October 20, 2009, and filed its Motion for Summary Judgment on July 21, 2010.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 F. App'x 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows that there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

### III. DISCUSSION

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." Wood v. RIH Acquisitions MS II LLC, 556 F.3d 274, 275 (5th Cir. 2009) (citing Massey v. Tingle, 867 So. 2d 235, 239 (Miss. 2004)). In the present case, it is undisputed that Plaintiff was a business invitee at the time of her accident. Accordingly, Defendant had a duty to keep its business premises "reasonably safe and to warn of any dangerous condition that is not readily apparent." Parker v. Wal-Mart Stores, Inc., 261 F. App'x 724, 725-26 (5th Cir. 2008). However, Defendant "is not an insurer of the safety of its invitees," and it is "only liable for injuries caused by a condition that is unreasonably dangerous." Id. at 726.

Plaintiff has advanced two theories of neligence: 1) that Defendant failed to use reasonable

3

care in keeping its premises free of an unreasonably dangerous condition which caused her injury, and 2) that Defendant failed to adequately warn her of an unreasonably dangerous condition which caused her injury. Therefore, Plaintiff must first demonstrate that an unreasonably dangerous condition existed. Wood, 556 F.3d at 281; Parker, 261 F. App'x at 726; Smith v. Fed. Cleaning Contractors Inc., 126 F. App'x 672, 674 (5th Cir. 2005); Delmont v. Harrison Cnty. Sch. Dist., 944 So. 2d 131, 133 (Miss. Ct. App. 2006); Young v. Wendy's Int'l, Inc., 840 So. 2d 782, 784 (Miss. Ct. App. 2003).

Plaintiff has presented no evidence suggesting that the floor mats constituted an unreasonably dangerous condition beyond the fact that she tripped and fell. This is insufficient to establish that the floor mats were an unreasonably dangerous condition.[1] Further, the floor mats constituted the sort of "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs, and steps." Wood, 556 F.3d at 276 (citing Tate v. S. Jitney Jungle Co., 650 So. 2d 1347, 1351 (Miss. 1995)); see also Parker, 261 F. App'x at 726-27; Fulton v. Robinson Indus., 664 So. 2d 170, 174-75 (Miss. 1995). Additionally, the undisputed evidence in the record establishes that the floor mats were each less than one quarter (1/4) of an inch thick. Therefore, the two mats combined would be less than one half (1/2) of an inch thick. The

---

[1] Lindsey v. Sears Roebuck & Co., 16 F.3d 616, 618 (5th Cir. 1994) (doctrine of *res ipsa loquitur* is inapplicable in premises liability cases) (citing Sears Roebuck & Co. v. Tisdale, 185 So. 2d 916, 917 (Miss. 1966)); Allen v. Boyd Tunica, Inc., 2009 U.S. Dist. LEXIS 36103, at *11-*12 (N.D. Miss. Apr. 28, 2009) (where plaintiff presented no evidence that a condition was unreasonably dangerous beyond the fact that an injury occurred, summary judgment was granted in favor of defendant); Davis v. United States, 2006 WL 533413, at *3 (N.D. Miss. Mar. 3, 2006) (where plaintiffs produced no evidence beyond the accident itself to show that a condition was unreasonably dangerous, defendant was entitled to summary judgment); Hardy v. K Mart Corp., 669 So. 2d 34, 38 (Miss. 1996) (doctrine of *res ipsa loquitur* is inapplicable in premises liability cases); Delmont, 944 So. 2d at 133; Young, 840 So. 2d at 784.

federal and state courts in this jurisdiction have routinely held that conditions posing a greater obstruction than the floor mats of the present case were not unreasonably dangerous.[2] Finally, the mats were not unreasonably dangerous solely because they were the same color. Stockstill, 2006 U.S. Dist. LEXIS 49731 at *8 (citing Stanley, 203 So. 2d at 475; Thompson, 923 So. 2d at 1053). Accordingly, Plaintiff has failed to demonstrate the existence of an unreasonably dangerous condition.[3]

Alternatively, even if Plaintiff had established that the floor mats constituted an unreasonably dangerous condition, she failed to provide any evidence that Defendant breached a duty owed to her. "The owner of a business premises has a duty to keep it reasonably safe and to warn of any dangerous condition that is not readily apparent." Parker, 261 F. App'x at 725. A plaintiff can show that a defendant breached its duty to keep a business premises reasonably safe by showing that:

---

[2]Smith, 126 F. App'x at 674-75 (water hose on the ground in parking lot outside store did not constitute and unreasonably dangerous condition); Parker v. Wal-Mart Stores, Inc., 2007 U.S. Dist. LEXIS 14137, at *10 (S.D. Miss. Feb. 28, 2007) (crack in sidewalk measuring three inches by three inches and two and five eighths inches deep was not a hazardous condition), aff'd 261 F. App'x 724 (5th Cir. 2008); Stockstill v. Wal-Mart Stores, Inc., 2006 U.S. Dist. LEXIS 49731, at *10 (S.D. Miss. June 21, 2006) (sidewalk curb that was between two and three and one half inches high was not an unreasonably dangerous condition); McGovern v. Scarborough, 566 So. 2d 1225, 1228 (Miss. 1990) (three quarters of an inch door threshold was not unreasonably dangerous); Stanley v. Morgan & Lindsey, Inc., 203 So. 2d 473, 477 (Miss. 1967) (sidewalk that was seven and one half inches above parking lot was not an inherently dangerous condition); Delmont, 944 So. 2d at 133 (cheerleading mat that was forty-two feet and four inches long, six feet wide, and one and one half inches high did not constitute a dangerous condition); Thompson v. Chick-fil-a, Inc., 923 So. 2d 1049, 1052 (Miss. Ct. App. 2006) (an unbroken, unlittered, dry, and otherwise unobstructed sidewalk curb was not an unreasonably dangerous condition); Bond v. City of Long Beach, 908 So. 2d 879, 881-82 (Miss. Ct. App. 2005) (one inch elevation in sidewalk did not constitute an unreasonably dangerous condition).

[3]The Court further notes that it is not required to submit the question of whether the mats constituted an unreasonably dangerous condition to a jury, as there is no evidentiary dispute regarding the physical condition of the floor mats. Parker, 261 F. App'x at 726.

> (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.

Byrne v. Wal-Mart Stores, Inc., 877 So. 2d 462, 465 (Miss. Ct. App. 2003) (citing Downs v. Choo, 656 So. 2d 84, 86 (Miss. 1995); Drennan v. Kroger, 672 So. 2d 1168, 1170 (Miss. 1996); Young, 840 So. 2d at 784).

Plaintiff has not presented any evidence that Defendant caused the floor mats to overlap one another. Likewise, Plaintiff has not presented any evidence that Defendant had actual knowledge that the floor mats overlapped one another, or that they overlapped one another for a sufficient period of time to impute constructive knowledge to Defendant. Accordingly, even if the floor mats constituted an unreasonably dangerous condition, summary judgement in favor of Defendant would still be appropriate. See Jerry Lee's Grocery, Inc. v. Thompson, 528 So. 2d 293, 295-96 (Miss. 1988) (where plaintiff did not establish that defendant caused a hazard, knew of it, or that it existed long enough that defendant should have known of it, defendant was entitled to judgment notwithstanding the verdict); Waller v. Dixieland Food Stores, Inc., 492 So. 2d 283, 285-86 (Miss. 1986) (where plaintiff did not establish that defendant caused a hazard, knew of it, or that it existed long enough that defendant should have known of it, judgment notwithstanding the verdict was appropriate); Byrne, 877 So. 2d at 465-66 (where plaintiff did not establish that defendant caused a condition, knew of it, or that it existed long enough that defendant should have known of it, summary judgment was appropriate).

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment [24]. This case is closed. An order consistent with this opinion shall be entered on this, the 5th day

of October, 2010.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**